**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5839-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WAYNE M. EVANS, a/k/a
BRUCE EVANS, LAMAR EVANS,
LAMAR GREEN, DWAYNE
EDWARDS, IAMAR GREEN,
SHAWN SPELLMAN, MARK
THOMPSON, WAYNE TOLLER,
BRUCE A. EVANS, WAYNE E.
EVANS, WAYNE L. EVANS,
WAYNE Z. EVANS, and WAYNE
MEACHUM EVANS

    Defendant-Appellant.

_____

Submit November 18, 2019 – Decided December 3, 2019

Before Judges Sabatino and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 10-06-0661.

Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Carlos Paul Morrow, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After a 2013 trial, a jury found defendant Wayne M. Evans guilty of three counts of possessory drugs offenses. The trial court sentenced defendant to a mandatory extended prison term of sixteen years, with an eight-year period of parole ineligibility. This court upheld defendant's convictions and sentences on direct appeal, and the Supreme Court denied certification. State v. Evans, No. A-0771-13 (App. Div. Apr. 8, 2016), certif. denied, 227 N.J. 389 (2016).

Upon exhausting his avenues for direct appeal, defendant filed in the trial court a petition for post-conviction relief ("PCR"), alleging his respective counsel at trial and on direct appeal had been ineffective in various respects. After considering those contentions, the same judge who had presided over defendant's trial denied the petition. The judge found no need to conduct an evidentiary hearing.

Defendant now appeals the denial of his PCR petition. He presents the following arguments in his brief:

2

A-5839-17T4

I. THE PCR COURT ERRED IN NOT GRANTING DEFENDANT AN EVIDENTIARY HEARING WHERE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING HIS TRIAL.

A. Trial counsel was ineffective for failing to object to the prosecutor's bolstering the credibility of Officer D'Amore during summation.

B. Trial counsel was ineffective for failing to adequately cross-examine the state's expert witness.

C. Appellate counsel was ineffective for failing to raise the issue of the prosecutor's vouching for the state's witness's credibility during summation on direct [a]ppeal.

II. DEFENDANT'S ARGUMENTS ARE NOT BARRED BY RULE 3:22-4.

For the reasons that follow, we reject these arguments and affirm the trial court's denial of defendant's petition, substantially for the reasons expressed in the June 27, 2018 written opinion of Judge William A. Daniel. We add only a few comments.

The underlying facts are detailed in our April 2016 unpublished opinion and we incorporate them by reference here. Evans, slip op. at 2-3. The indictment arose out of a motor vehicle stop in Hillside on March 4, 2010, in which police discovered defendant behind the wheel of an SUV idling in the

3

middle of the street. After defendant was unable to produce a driver's license and admitted he did not own the SUV, the police searched the vehicle. They found inside a plastic baggie containing about twenty grams of cocaine. Defendant was charged with third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1); second-degree possession of cocaine with intent to distribute it, N.J.S.A. 2C:35-5(a)(1); and third-degree possession of cocaine with intent to distribute it within a school zone, N.J.S.A. 2C:35-7. The jury found defendant guilty of all three counts. Defendant received a mandatory extended prison term because of his lengthy prior record, which included nine previous indictable convictions.

The applicable legal standards for PCR are well established in this setting involving claims of ineffective assistance of counsel. To obtain relief, the defendant must prove two critical elements: (1) deficient performance by his previous counsel, and (2) actual prejudice flowing from that deficient representation. Strickland v. Washington, 466 U.S. 668, 694 (1984). In reviewing such claims of ineffectiveness, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. Counsel's strategic decisions do not, in hindsight, support claims of

4

constitutionally inadequate representation. State v. Fritz, 105 N.J. 42, 54 (1987).

It is also well settled that a PCR petitioner alleging ineffective assistance of counsel has the burden of presenting a prima facie case of ineffectiveness in order to obtain an evidentiary hearing. State v. Preciose, 129 N.J. 451, 462-63 (1992). When making that assessment, the court should evaluate the record in a light most favorable to the defendant petitioner. State v. Jones, 219 N.J. 298, 311 (2014).

Having considered defendant's arguments on appeal in light of these standards, we conclude Judge Daniel soundly applied the law in rejecting defendant's petition without an evidentiary hearing. We briefly turn to defendant's specific arguments.

First, we agree with Judge Daniel that defendant has not shown his trial attorney was constitutionally ineffective in failing to object to certain comments made by the prosecutor in closing arguments to the jury. Specifically, defendant maintains the prosecutor impermissibly bolstered the credibility of a police officer who had incorrectly recalled the number of officers who had entered the SUV. The prosecutor reminded the jurors that the events had occurred three years earlier, and suggested the officer had not lied but instead had an "honest

mis-recollection" about what had occurred.[1]  We agree with the trial judge this allegedly improper comment was not likely to have deprived defendant of a fair trial.  As the judge reasoned:

> The State's comments take up seven lines of the transcript in comparison to the nineteen pages of the State's summation.  More importantly, the State utilizes its response as a transference of perspective to call into question the significance of how many officers entered the vehicle in comparison to the bigger picture- the Petitioner's guilt, thus minimizing the effect of the Prosecutor's comments in regards to the officer.
>
> Moreover, this Court adequately addressed the State's comments by instructing the jury to not consider counsels' summations as evidence, and only to consider witnesses' testimony as evidence. The Court also instructed the jury that they were permitted to disregard testimony they believed to be false.  Thus, in light of the context of the . . . comments, the corrective measure taken by this Court, and the evidence presented against the Petitioner, this Court finds the Petitioner's claim of ineffective counsel based on trial counsel's failure to object to the State's bolstering is without merit.
>
> [(Internal citations omitted).]

The judge's analysis is sound, particularly given his special perspective as the judge who presided over the trial.  The prosecutor was attempting to respond

---

[1]  Although defendant cited another instance of bolstering in his PCR petition, he has not raised that second instance on appeal.  In any event, we discern no basis for relief emanating from that instance either.

6

to arguments made by defense counsel in summation suggesting that the testimony of the police officers was inconsistent on certain points. The prosecutor was simply offering a benign reason for the inconsistency. The prosecutor should not have offered a personal opinion that the officer was not lying. Even so, the trial judge had reasonable grounds to consider that lapse inconsequential in the full context of the case, in which the State's proofs of defendant's illegal possession of the cocaine were strong and virtually uncontroverted.

Defendant's second point alleging his trial attorney violated the constitution by not adequately cross-examining the State's narcotics expert about the significance of the twenty grams of cocaine is likewise unavailing. As Judge Daniel pointed out:

> Trial counsel adequately cross-examined the State's expert witness, establishing that the cocaine was found in a plastic bag with no packaging materials, that those in the illegal drug industry try to be clandestine, and that by packaging cocaine in a tenth of a gram vials, instead of one plastic bag, dealers obtain "the maximum buck out of it." During cross-examination Detective Fay also acknowledged that although it was uncommon to have 20 grams of cocaine for personal use that did not mean that it would never happen. This Court finds Petitioner's ineffective counsel claim for failure to adequately cross-examine is without merit. The question of Petitioner's intent regarding the cocaine was a question of fact for the jury to decide.

A-5839-17T4

[(Internal citations omitted).]

The judge correctly regarded the manner and depth of defense counsel's cross-examination as being within the zone of trial strategy. Moreover, as the judge also noted, the alleged shortcoming of the cross-examination did not manifestly cause actual prejudice to defendant.

We further concur with Judge Daniel that defendant's claims of constitutional ineffectiveness with respect to his counsel on direct appeal also are devoid of merit. Whether or not these issues were raised on direct appeal, they would not have changed the outcome.

Lastly, we affirm the denial of an evidentiary hearing, as none was needed here in the absence of a prima facie case for relief. Preciose, 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5839-17T4